1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11  UNITED STATES OF AMERICA,         )    NO. CR 07-1295 VBF
                                       )
12              Plaintiff,             )
                                       )    **ORDER**
13        v.                           )
                                       )
14  SAUL LUNA-GURROLA,                 )
                                       )
15                                     )
                                       )
16              Defendant.             )
                                       )
17  _____  )

18        On November 20, 2007, the court issued an "Order Re: Defendant's Ex Parte Application

19  for Hearing Re Bail Order of October 23, 2007" ("Court's Order of November 20, 2007") directing

20  the government to file a Notice Re: Removal Proceedings Against Defendant Luna-Gurrola

21  ("Notice"), providing, at a minimum:

22              (i) whether and when the Attorney General intends to effectuate defendant's

23              removal; (2) if the Attorney General does not intend to remove defendant,

24              then the Attorney General shall set forth the detention statute upon which it

25              relies in detaining defendant in its custody.  The Notice shall be accompanied

26              by a declaration from the Attorney General's office and/or an ICE official

27              providing all relevant information pertaining to the commencement and

28              completion of the removal proceedings.

1  (Court's Order of November 20, 2007, at 15-16) (footnote omitted).

2      On December 4, 2007, the government filed the required Notice.  On the same day,

3  defendant filed a Response to the government's Notice.  On December 18, 2007, District Judge

4  Fairbank referred the proceedings relating to defendant's detention back to the undersigned

5  Magistrate Judge for a ruling.  (See Court's Order of December 18, 2007).  On the same day, the

6  court ordered supplemental briefing from the parties.  On December 19, 2007, the government

7  filed a Supplemental Responsive Memorandum ("Govt.'s Response").  On December 20, 2007,

8  defendant filed a Reply to the government's Response.

9      The government's Notice and Response do no more than restate the arguments and

10  positions which the court addressed in its Order of November 20, 2007.[1]  For example, the

11  government asserts, again, that defendant's current detention in ICE custody is mandatory

12  pursuant to 8 U.S.C. § 1231(a).  (Notice at 5-6).  However, the court rejected this argument,

13  stating that "[t]he purpose of § 1231 is to remove a person who has been issued a final order of

14  removal, and to permit ICE to detain such a person while the government takes the necessary

15  steps to effectuate removal."  (Court's Order of November 20, 2007, at 10).  Because "ICE has

16  stated that it will not execute the removal order, but will nevertheless maintain custody of

17  defendant for purposes of the criminal prosecution[,]" (see id. at 13), the court concluded that

18  § 1231(a) cannot be the lawful basis of defendant's detention.  (See id. at 10-11).

19      Similarly, the government contends, again, that "this Court does not have authority to

20  address defendant's challenge to his administrative detention in this criminal proceeding." (Govt.'s

21  Response at 8).  However, the court found that although it "does not ordinarily have the authority

22  to order ICE to release an alien who is in removal proceedings," ICE's admission that it is currently

23  detaining defendant for the purposes of criminal prosecution demonstrates that "defendant is in

24  custody pending trial" and, thus, the court has jurisdiction over ICE under the Bail Reform Act.

25  (See Court's Order of November 20, 2007, at 13-14).  Indeed, the government's Notice makes it

26  clear that ICE is detaining defendant solely for the purposes of the instant criminal prosecution.

27

28      [1]  The court hereby incorporates fully its decision of November 20, 2007.

2

1    (Notice at 5) (government stating that it "intends to effectuate defendant's removal from the United

2    States if and when defendant's criminal matter is concluded.").

3          Finally, one last example of the government's willingness to ignore (instead of appealing)

4    the court's findings is its implicit assertion that it has the authority to detain defendant pursuant to

5    the Departure Control Order it issued.  For example, the government states that "[o]n or about

6    November 7, 2007, ICE served defendant with a Departure Control Order. . . .  ICE has

7    determined that defendant's departure from the United States should be temporarily prevented

8    based upon the initiation of a criminal matter against defendant."  (Notice at 4) (internal citations

9    and footnote omitted).  The government continues to take the position that Departure Control

10   Orders are a valid basis to detain defendant even though, during oral argument, the government's

11   counsel stated that the regulations that give ICE authority to issue departure control orders, 8

12   C.F.R. §§ 215.2 & 215.3(g), are not detention statutes, i.e., ICE cannot rely on those regulations

13   to detain an alien.  (See Hearing Trans. at 18 & 27).

14          In sum, the government has failed to demonstrate that the current detention of defendant

15   is for any purposes other than for the instant criminal prosecution.  As a result, since defendant

16   has met all the conditions set by the court pursuant to the Bail Reform Act, the court will order that

17   he be released as set forth below.

18          Based on the foregoing and the Court's Order of November 20, 2007, IT IS ORDERED

19   THAT, no later than **January 23, 2008**, defendant shall be released from custody, as defendant

20   has already complied with the conditions set for release pending trial.

21   Dated this 18th day of January, 2008.

22

23                                                      /s/
                                                 Fernando M. Olguin
24                                           United States Magistrate Judge

25

26

27

28